ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

SALVATORE CARPANZANO,
a/k/a "Salvino Casiraghi,"

Defendant.

- - - - - - - - - - - - - - - - - - x

**INFORMATION**

15 Cr. 816 (NSR)

**COUNT ONE**

The United States Attorney charges:

1. From at least in or about 2010 up to and including at least in or about 2014, in the Southern District of New York and elsewhere, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1343.

2. It was a part and object of the conspiracy that SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, and others known and unknown willfully and knowingly would and did execute and attempt to execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce,

writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, CARPANZANO and others agreed to execute, attempted to execute, and executed a series of frauds based on, among other things, the false and fraudulent promises of legitimate loans, guarantees, certificates of deposit, bank guarantees, interest-paying accounts, and the use and enjoyment of various financial instruments, as well as false and fraudulent representations that moneys would be deposited, in certain cases, in an escrow account and that CARPANZANO and others would act as escrow agents, soliciting, through the use of interstate and international telephone calls, emails, and wire transfers, purported application fees, escrow deposits, and other investments, which application fees, escrow deposits, and other investments CARPANZANO and others used substantially for their own personal benefit.

(Title 18, United States Code, Section 1349.)

**COUNT TWO**

(The EB-5 Regional Center Fraud)

The United States Attorney further charges:

3. From at least in or about October 2012, up to and including at least in or about September 2013, in the Southern District of New York and elsewhere, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, willfully and knowingly,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice, to wit, CARPANZANO, solicited approximately $2.7 million from a victim ("Victim-1"), through the use of interstate telephone calls, interstate emails, and wire transfers, based on false and fraudulent representations that he would deposit the money into an escrow account and act as an escrow agent when, in fact, CARPANZANO and others used the money substantially for their own personal benefit.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT THREE**
(The Minerals Company Fraud)

The United States Attorney further charges:

4. From at least in or about January 2014, up to and including at least in or about April 2014, in the Southern District of New York and elsewhere, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false

and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice, to wit, CARPANZANO, solicited approximately $100,000 from a victim ("Victim-2"), through the use of interstate calls, interstate emails, and wire transfers, based on false and fraudulent representations that he would deposit the money into an escrow account and upon receipt, issue a loan to Victim-2, when, in fact, CARPANZANO and others used the money substantially for their own personal benefit and never issued the loan as promised.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT FOUR**

(The "Mob Street" Fraud)

The United States Attorney further charges:

5. In or about 2011, in the Southern District of New York and elsewhere, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television

communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice, to wit, CARPANZANO, solicited approximately $1,825,000 from a victim ("Victim-3"), through the use of interstate calls, interstate emails, and wire transfers, based on false and fraudulent representations that he would deposit the money into an escrow account and upon receipt, provide $200 million in financing to a movie in which Victim-4 was an investor, when, in fact, CARPANZANO and others used the money substantially for their own personal benefit and never issued the loan as promised.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT FIVE**

(The Golf Resort Fraud)

The United States Attorney further charges:

6. In or about 2012, in the Southern District of New York and elsewhere, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of

executing such scheme or artifice, to wit, CARPANZANO, solicited approximately $2,000,000 from a victim ("Victim-4"), through the use of interstate calls, interstate emails, and wire transfers, based on false and fraudulent representations that he would deposit the money into an escrow account and upon receipt, provide hundreds of millions of dollars in financing for the development of an overseas golf resort, when, in fact, CARPANZANO and others used the money substantially for their own personal benefit and never obtained the financing as promised.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT SIX**

(The Apartment Building Fraud)

The United States Attorney further charges:

7. In or about 2012, in the Southern District of New York and elsewhere, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice, to wit, CARPANZANO, solicited approximately $2,000,000 from a victim ("Victim-5"), through the

use of interstate calls, interstate emails, and wire transfers, based on false and fraudulent representations that he would deposit the money into an escrow account and upon receipt, provide a bank guarantee to help finance the construction of an apartment building, when, in fact, CARPANZANO and others used the money substantially for their own personal benefit and never issued a genuine bank guarantee as promised.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT SEVEN**
(The Financing Fraud)

The United States Attorney further charges:

8. From at least in or about August 2013, up to and including at least in or about August 2014, in the Southern District of New York and elsewhere, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice, and aided and abetted the same, to wit, CARPANZANO and others solicited approximately $150,000 from a victim ("Victim-6"), through the

use of interstate telephone calls, interstate emails, and wire transfers, based on false and fraudulent representations that the money would be held in an escrow account and used to secure approximately $1.2 million in financing for Victim-6 and Victim-6's clients when, in fact, CARPANZANO and others used the money substantially for their own personal benefit.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT EIGHT**

(The Investment/Certificate of Deposit Fraud)

The United States Attorney further charges:

9. In or about 2014, in the Southern District of New York and elsewhere, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice, and aided and abetted the same, to wit, CARPANZANO and others solicited and obtained approximately $128,000 from a victim ("Victim-7"), and approximately $100,000 from a victim ("Victim-8"), through the use of interstate telephone calls, interstate emails, and wire

transfers, based on false and fraudulent representations that the money would be used to secure various investments when, in fact, CARPANZANO and others used the money substantially for their own personal.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATION**

10. As a result of committing the offenses charged in Counts One through Eight of this Information, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c), any property constituting, and derived from, proceeds obtained directly and indirectly as a result of commission of one or more of the offenses charged in Counts One through Eight of this Information, including, but not limited to, the following:

a. all right, title, and interest in all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 18 Butler Road, Scarsdale, New York 10583;

b. all right, title, and interest in the 2006 Bentley Continental with VIN SCBCR63W36C036796;

c. all right, title, and interest in the 2006 Bentley Continental with VIN SCBCR63W36C036796;

d. all right, title, and interest in the 1987 Mercedes-Benz with VIN WDBBA48D7HA058177;

e. all right, title, and interest in the 1987 Mercedes-Benz with VIN WDBBA48D1HA056621;

f. all right, title, and interest in the 2008 Aston Martin with VIN SCFBFO4B48GD09044;

g. all right, title, and interest in the 1992 Mercedes-Benz with VIN WDBGA57E9NA063060;

h. all right, title, and interest in the 2011 Bentley with VIN SCBBB7ZH8BC015323; and

i. all right, title, and interest in the 2011 Range Rover with VIN SALMF1E49BA338391.

**Substitute Assets Provision**

11. If any of the above-described forfeitable property, as a result of any act or omission of defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(c);
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461(c).)

Preet Bharara
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SALVATORE CARPANZANO,
a/k/a "Salvino Casiraghi,"

Defendant.

INFORMATION

15 Cr. ___ (   )

(18 U.S.C. §§ 1343, 1349, and 2.)

PREET BHARARA
United States Attorney.