UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

    -v.-

SALVATORE CARPANZANO,
    a/k/a "Salvino Casiraghi,"

             Defendant.

------------------------------------- x

SEALED

CONSENT PRELIMINARY
ORDER OF FORFEITURE AS
TO SPECIFIC PROPERTY/
MONEY JUDGMENT

15 Cr. 816 (NSR)

WHEREAS, on or about November 24, 2015, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," (the "defendant"), was charged in an eight-count Information, 15 Cr. 816 (NSR) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Two through Eight);

WHEREAS, the Information included a forfeiture allegation as to Counts One through Eight of the Information seeking to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $10,058,000 in United States currency, representing the amount of proceeds obtained directly and indirectly as a result of the commission of the offenses charged in Counts One through Eight of the Information; and (ii) all right, title, and interest of the defendant in the following specific property:

    a.    all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 18 Butler Road, Scarsdale, New York 10583;

1

  b.  2006 Bentley Continental with VIN SCBCR63W36C036796;

  c.  1987 Mercedes-Benz with VIN WDBBA48D7HA058177;

  d.  1987 Mercedes-Benz with VIN WDBBA48D1HA056621;

  e.  2008 Aston Martin with VIN SCFBFO4B48GD09044;

  f.  1992 Mercedes-Benz with VIN WDBGA57E9NA063060;

  g.  2011 Bentley with VIN SCBBB7ZH8BC015323; and

  h.  2011 Range Rover with VIN SALMF1E49BA338391

(collectively, the "Forfeitable Property");

  WHEREAS, on or about December 9, 2015, the defendant pleaded guilty to Counts One through Eight of the Information pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation as to Counts One through Eight of the Information and agreed to forfeit to the United States (i) a sum of money equal to $10,058,000 in United States currency, representing the amount of proceeds obtained directly and indirectly as a result of the commission of the offenses charged in Counts One through Eight of the Information; (ii) all right, title, and interest of the defendant in the Forfeitable Property; and (iii) all right, title, and interest of the defendant in Trustco Bank, Account Number 33230068, held in the name of Leumi Overseas Trust & Escrow Limited, LLC., collectively with the Forfeitable Property, the "Specific Property";

  WHEREAS, the defendant consents to the entry of a Money Judgment in the amount of $10,058,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts One through Eight of the Information; and

  WHEREAS, the defendant consents to the forfeiture of all his right, title, and interest in the Specific Property;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Michael Maimin, of counsel, and the defendant, and his counsel, Ronald P. Fischetti, Esq., that:

1. As a result of the offenses charged in Counts One through Eight of the Information, to which the defendant pleaded guilty, a money judgment in the amount of $10,058,000 in United States currency (the "Money Judgment") shall be entered against the defendant.

2. As a result of the offense charged in Counts One through Eight of the Information, to which the defendant pleaded guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United

3

States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/ Money Judgment, the United States Marshals Service or its designee shall be authorized to seize the Specific Property and hold the Specific Property in its secure custody and control, and the United States shall have clear title to such forfeited property.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 United States Code Section 853(n).

9. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

4

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

11. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Jason Cowley, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[SPACE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____   12/9/15
MICHAEL MAIMIN                        DATE
Assistant United States Attorney
300 Quarropas Street
White Plains, New York 10601
(914) 993-1952

SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," Defendant

By: _____   12-9-15
SALVATORE CARPANZANO                  DATE

By: _____   12-9-15
RONALD P. FISCHETTI, ESQ.             DATE
Attorney for Defendant
Fischetti & Malgieri LLP
747 Third Avenue, 20th Floor
New York, New York 10017

SO ORDERED:

_____       12\9\2015
HONORABLE NELSON S. ROMÁN             DATE
UNITED STATES DISTRICT JUDGE