USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/4/2021_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SALVATORE CARPANZANO,
     a/k/a "Salvino Casiraghi,"

                    Defendant.

**FINAL ORDER OF FORFEITURE**

15 Cr. 816 (NSR)

WHEREAS, on November 24, 2015, SALVATORE CARPANZANO, a/k/a "Salvino Casiraghi," (the "Defendant" ) was charged in an eight-count Information, 15 Cr. 816 (NSR) (the "Information"), with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One); and wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Eight); and

WHEREAS, the Information included a forfeiture allegation as to Counts One through Eight of the Information seeking to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c); any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Eight of the Information including but not limited to all right, title, and interest of the Defendant in the following;

    a.    One 2006 Bentley Continental bearing VIN SCBCR63W36C036796 (the "Bentley-1");

    b.    One 1987 Mercedes-Benz bearing VIN WDBBA48D7HA058177 (the "Mercedes-1");

    c.    One 1987 Mercedes-Benz bearing VIN WDBBA48D1HA056621 (the "Mercedes-2");

    d.      One 2008 Aston Martin bearing VIN SCFBFO4B48GD09044 (the "Aston Martin");

    e.      One 1992 Mercedes-Benz bearing VIN WDBGA57E9NA063060 (the "Mercedes-3");

    f.      One 2011 Bentley bearing VIN SCBBB7ZH8BC015323 (the "Bentley-2"); and

    g.      One 2011 Range Rover bearing VIN SALMF1E49BA338391 (the "Range Rover");

(a through g, collectively, the "Vehicles"); and

WHEREAS, on or about December 9, 2015, the Defendant pleaded guilty to Counts One through Eight of the Information pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation as to Counts One through Eight of the Information and agreed to forfeit to the United States (i) a sum of money equal to $10,058,000 in United States currency, representing the amount of proceeds obtained directly and indirectly as a result of the commission of the offenses charged in Counts One through Eight of the Information; (ii) all right, title, and interest of the Defendant in, *inter alia*, (a) the Vehicles and (b) Trustco Bank, Account Number 33230068, held in the name of Leumi Overseas Trust & Escrow Limited, LLC., (the "Trustco Account", collectively, with the Vehicles, the "Specific Property"); and

WHEREAS, on or about December 29, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (Docket Entry 36), imposing a money judgment against the Defendant in the amount of $10,058,000.00 and ordering the forfeiture to the United States of, *inter alia*, all of the Defendant's right, title, and interest in the Specific Property; and

WHEREAS, on or about the October 16, 2016 the Federal Bureau of Investigation administratively forfeited the Bentley-2 to the Government and received $118,000.00 in United States currency, representing the sale proceeds of the vehicle; and

WHEREAS, on or about August 15, 2017 the Court entered an Interlocutory Order of Sale authorizing the sale of the remaining Vehicles pending the entry of a Final Order of Forfeiture; and

WHEREAS, the United States Marshals Service (the "USMS"), pursuant to the Interlocutory Order of Sale, sold the Vehicles and obtained the following:

    i.    $38,00.00 in United States currency representing the sale proceeds of the Bentley-1;

    ii.    $22,000.00 in United States currency representing the sale proceeds of the Mercedes-1;

    iii.    $20,000.00 in United States currency representing the sale proceeds of the Mercedes-2;

    iv.    $46,000.00 in United States currency representing the sale proceeds of the Aston Martin;

    v.    $4,700.00 in United States currency representing the sale proceeds of the Mercedes-3; and

    vi.    $15,400.00 in United States currency representing the sale proceeds of the Range Rover;

(i through vi, collectively the "Sale Proceeds"); and

WHEREAS, on or about December 13, 2018, the Government seized $50,447.93 in United States currency from the Trustco Account (the "Trustco Funds", collectively, with the Sale Proceeds, the "Forfeited Funds"); and

WHEREAS, the Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment directed the United States to publish, for at least thirty (30)

consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of 21 U.S.C. § 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified; and

WHEREAS, the provisions of 21 U.S.C. § 853(n)(1), Federal Rule of Criminal Procedure 32.2(b)(6), and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property; and

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on July 10, 2020, for thirty (30) consecutive days, through August 8, 2020, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on December 21, 2020 (Docket Entry 50); and

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed; and

WHEREAS, the Defendant is the only person known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in 21 U.S.C. § 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

All right, title, and interest in the Forfeited Funds is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

1.   Pursuant to 21 U.S.C. § 853(n)(7), the United States of America shall and is hereby deemed to have clear title to the Forfeited Funds.

2.   The United States Marshals Service (or its designee) shall take possession of the remaining Forfeited Funds and dispose of the same according to law, in accordance with 21 U.S.C. § 853(h).

3.   The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's

Office, Southern District of New York, One St. Andrew's Plaza, New York, New York

10007.

Dated:  New York, New York
        January 4, 2021

                                    SO ORDERED:

                                    _____
                                    HONORABLE NELSON S. ROMÁN
                                    UNITED STATES DISTRICT JUDGE